Argued and submitted July 9, affirmed August 27, 1985

COOS COUNTY,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(TC 2097, 2107; SC S31343)

705 P2d 731

David R. Ris, Assistant County Counsel, Coquille, argued the cause and filed the brief for appellant.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

JONES, J.

## JONES, J.

■ In 1977, the Oregon legislature changed the method of taxing forest lands in this state. Or Laws 1977, ch 892. Prior to that time, both forest lands and timber were subject to an ad valorem tax. Under ORS chapter 321 and Oregon Laws 1979, chapter 497, a severance tax was placed on the timber. As a result of these changes, forest land values were significantly increased by the Department of Revenue. Several timber companies appealed these new valuations to the Oregon Tax Court. The tax court affirmed the Department of Revenue. Upon appeal, this court affirmed the tax court with some modification to the forest land values. *Publishers Paper v. Dept. of Revenue,* 292 Or 836, 644 P2d 1089 (1982).

Following our decision in *Publishers Paper,* the Department of Revenue issued several directives to all the western Oregon counties. The first directive instructed the counties to correct their tax rolls as soon as possible, making the adjustments in forest land values necessitated by the *Publishers Paper* decision. The second directive advised the counties that ORS 311.205(3)[1] applied to these tax roll corrections and that it was not necessary to send tax bills for those corrections resulting in an increase of less than $1,000 in the true cash value. The third directive advised the counties that in order for a single tax account to be subject to any additional taxes in any given year, the true cash value of the affected forest land would have to increase by $1,000 or more. The directive further advised the counties that application of ORS 311.205(3) was mandatory. Any taxes which had been collected without complying with ORS 311.205(3) were directed to be refunded in accordance with ORS 311.806.[2]

---

[1] ORS 311.205(3) provides in pertinent part:

"* * * [C]orrections which would result in less than a $1,000 change in valuation shall not change the value for purposes of computing the taxes levied against the property, but shall be made only for purposes of correcting the office records."

[2] ORS 311.806(1)(a) provides:

"The county governing body shall refund to a taxpayer * * * taxes collected by an assessor or tax collector * * * plus interest thereon * * *:

(a) Whenever ordered by the Department of Revenue and no appeal is taken or can be taken from the department's order, or whenever ordered by the Oregon Tax Court or the Supreme Court and the order constitutes a final determination of the matter * * *."

All the affected counties, except Coos County, complied with these directives. Coos County refused, contending that ORS 321.352, ORS 321.377 and Oregon Laws 1979, chapter 497, preempt ORS 311.205, the general valuation correction statute.

Appeals were brought to the Department of Revenue by several taxpayers.[3] The Department of Revenue issued opinions and orders requiring Coos County to cancel any tax bills which had been sent for changes of less than $1,000 in true cash value and directing that the county refund any excess taxes collected.

Coos County appealed to the tax court. The tax court affirmed the Department of Revenue. Coos County appealed to this court.

The issue presented is whether the specific appeal and collection provisions for forest land taxes found in ORS chapter 321 and Oregon Laws 1979, chapter 497, preempt the operation of the general land value corrections statute, ORS 311.205, which prohibits additional property tax billings if the land valuation change is less than $1,000.

## I.   ORS 311.205 APPLIES TO CORRECTIONS

When the legislature changed the method of taxing western Oregon forests by enacting Oregon Laws 1977, chapter 892, it recognized the potential for appeals. Both ORS 321.377 (which governs assessment of forest lands for 1977) and ORS 321.352 (which governs tax years 1978 and after) contain provisions relating to appeals. ORS 321.377(5) states:

> "If the tax court increases or reduces any of the base land class values under appeal, the decree of the tax court or if changed upon appeal, the decision of the Supreme Court, shall apply to the valuation of all forest land of the same base land class in the designated market area for the year 1977. * * * The final determination of the tax court or the Supreme Court on appeal shall be binding upon the department and upon each assessor and taxpayer affected by such determination of value."

ORS 321.352(6) is similar. It states:

---

[3] The taxpayers were Sun Studs, Inc., Suntal Trusts and Suntip Company (VL 83-2264), and Millard Groben and Ronald Stuntzner (VL 83-5021).

"If the tax court increases or reduces any of the values under appeal, the decree of the court shall apply to the valuation of all forest land in the designated market area for that year. * * * Unless changed upon appeal to the Supreme Court, the tax court determination shall be binding upon the department and upon each assessor and taxpayer affected by such determination of value."

Both subsections provide that the final determination on appeal is binding upon the assessor and taxpayer and that it applies to the value of all forest land of the same class. No reference is made to ORS 311.205. Coos County argues that the statutory intendment is to collect all back taxes.

Coos County also argues that the inapplicability of ORS 311.205 is evident from Oregon Laws 1979, chapter 497, which states that "the officer or officers in possession of the assessment and tax rolls shall make the corrections stated in the order of the Department of Revenue, the decision and mandate of the Oregon Tax Court or the decision and mandate of the Supreme Court, whichever is applicable." It goes on to require that "additional taxes and interest attributable thereto, collected because the value of the forest land is greater than that entered in the rolls * * * shall be deposited with the county treasurer to be held in a special account pursuant to this subsection."

Coos County contends:

"The language of Chapter 497 dealing with the correction and collection of taxes is complete in and of itself. There is no need to refer to ORS 311.205 to determine what corrections are to be made. Chapter 497 instructs those in charge of the assessment and tax rolls to make the correction as required by the decision and mandate of the Supreme Court and to collect additional taxes attributable thereto. In Chapter 497, the Oregon Legislature specifically dealt with correcting the tax roll and the collection of additional taxes and expressed no intent comparable to that found in ORS 311.205(3) to limit the ability of Plaintiff to correct tax rolls in order to collect back taxes."

The statutes upon which Coos County relies do not compel the conclusion that Coos County asserts. ORS 321.377(5) and 321.352(6) are of little relevance. Those statutes merely say that the final decision of the Supreme Court is binding upon the department, the assessor and the taxpayer.

Similarly, Oregon Laws 1979, chapter 497, section 1, merely requires the collection of the additional taxes due as a result of the change in valuation. None of the statutes upon which Coos County relies directly answers the question before us.

Some paragraphs of ORS 311.205(1) do point toward the conclusion that Coos County asks that we reach. For example, ORS 311.205(1)(a) refers to a "clerical error." ORS 311.205(1)(b) prohibits an officer from correcting "an error in valuation judgment." ORS 311.205(1)(c), however, specifically refers to "correction of a value changed on appeal." In addition, ORS 311.205(1)(e) requires the officer having charge of the roll to "make any change ordered by the Department of Revenue under ORS 306.115."

The statute last referred to, ORS 306.115, grants to the Department of Revenue "general supervision and control over the system of property taxation throughout the state." ORS 306.115(1). The second sentence of ORS 306.115(1) grants to the department the authority to

> "* * * do any act or give any order to any public officer or employe that the department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and the Constitutions of the State of Oregon and of the United States. * * *"

There follows an enumeration of the specific acts or orders that the department can make. It appears that the enumeration of the specific powers in ORS 306.115(2) and (3) do not otherwise limit the general power granted under the first and second sentences of the statute. The last sentence in the statute, ORS 306.115(5), provides:

> "The remedies provided under this section are in addition to all other remedies provided by law, including but not limited to those available under ORS 305.285."

ORS 305.285, which concerns the correction of assessment rolls during an appeal, reads:

> "Whenever any property tax matter is appealed to the Department of Revenue, Oregon Tax Court or Supreme Court, and during the pendency of the appeal, no appeal is filed for a subsequent year or years, the taxpayer may, on or before December 15 of the year in which a final determination is made by the last body or tribunal to pass on the matter or

within six months of such final determination, whichever is later, request the department to order the officer in charge of the rolls for the intervening years to correct all tax and assessment rolls for those years with respect to the property affected by such final determination. * * * Notwithstanding any time limit in ORS 306.115 or 311.205, the department shall order such correction as it deems necessary."

The specific reference to ORS 311.205 in the last sentence of ORS 305.285 suggests that corrections required by virtue of a change in valuation on appeal come within the scope of ORS 311.205. This conclusion is strengthened by the fact that subsection (4) of ORS 311.205 also makes specific reference to ORS 305.285. ORS 311.205(4) provides:

"The remedies under this section are in addition to other remedies provided by law, including but not limited to those available under ORS 305.285."

Coos County relies heavily on the principle of law that a specific statute will usually control a general statute. The county points out that ORS 311.205 is the general statute governing the correction of land valuation changes resulting from appeal. The county argues that as a general statute, ORS 311.205 is preempted by ORS 321.352, ORS 321.377 and Oregon Laws 1979, chapter 497, which are specific legislative acts dealing with forest land valuation, appeal and correction of the tax rolls. Coos County cites *Publishers Paper* in support of this general proposition.

In *Publishers Paper,* we were concerned with the collection of interest on any additional taxes due after a correction had been made to the rolls following a valuation appeal.[4] We stated that where a valuation appeal has been taken pursuant to ORS 308.020, any corrections to the tax rolls and any interest due on additional taxes necessitated by the final judgment in the appeal were to be determined under

---

[4] ORS 308.020 provides:

"Whenever any property value or claim for exemption or cancellation of a property assessment is appealed to the Department of Revenue or to the Oregon Tax Court and the dollar difference between the total value asserted by the taxpayer and the total value asserted by the opposing party exceeds one-fourth of one percent (.0025) of the total assessed value in the county, the assessor shall enter on the roll only that portion of the total value which is not in controversy for purposes of computing and extending the tax upon the tax roll under ORS 310.090 to 310.130."

ORS 311.160 rather than under ORS 311.205 and 311.206. 292 Or at 858. This result was necessary because ORS 311.160, 311.205 and 311.206 could not be construed harmoniously. Where statutes cannot be construed harmoniously, the "particular provision * * * is paramount" to the general. ORS 174.020; *Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979).

We do not confront such disharmony here. Oregon Laws 1979, chapter 497, discusses collections and apportionment, but not specifically how corrections are to be made, or what amounts collected. Oregon Laws 1979, chapter 497, section 1, states that "the officer * * * shall make the corrections stated in the order" and discusses what to do with "[a]ny additional taxes and interest * * * collected." There is no reference stating how the corrections are to be made or what additional amounts may be collected. Therefore, there is no conflict between specific and general rules here. Absent some evidence of a contrary legislative intent, we see no reason not to read ORS 311.205 and the forest land valuation statutes together.

We are persuaded that ORS 311.205(3) applies and that "corrections which would result in less than a $1,000 change in valuation shall not change the value for purposes of computing the taxes levied against the property, but shall be made only for purposes of correcting the office records."

## II. BACK TAXES NOT COLLECTABLE FOR CORRECTIONS IN VALUATION LESS THAN $1,000

Coos County argues that under the decision of the tax court in *Publishers Paper,* the county was required to collect all back taxes resulting from these new valuations. The assessors were ordered to correct "each account" by adding to the rolls additional forest land values and to compute changes in valuation and correct the rolls. Once additional values had been determined for each account, they were to be certified to the county's tax collector for the calculation, recording and collection of back taxes.

In correcting the rolls the county assessor applies ORS 311.205(3). If the correction results in less than a $1,000 change in valuation, the correction is made for the purposes of correcting the office records only. If the correction results in

an increase of $1,000 or more in valuation, *then* the valuation is certified to the tax collector for the calculation and collection of any additional taxes. Unless the correction results in such a change there is no back tax to collect.

## III.  ADMINISTRATIVE ORDER OF THE DEPARTMENT OF REVENUE VALID

■    The county next contends that it was inappropriate for the Department of Revenue to interpret the decision of the tax court by administrative order. Coos County contends that if the department or the forest land owners disagreed with the language of the tax court decree, they should have sought to have the language modified or appealed the decree of the tax court.

Appeal or modification of the tax court decree was unnecessary. Under its general supervisory powers, "the department may do any act or give any order * * * the department deems necessary in the administration of the property tax laws so that all properties are taxed * * * according to the statutes and [Constitution] of the State of Oregon." ORS 306.115(1). Under ORS 306.120(1), the department shall "[i]ssue * * * directions to county assessors * * * as to the methods best calculated to secure uniformity * * * of assessment and collection of taxes." The department had the responsibility to carry out the tax court's decree in conformity with the tax statutes and the Oregon Constitution, Article IX, section 1.[5] This is precisely what the directives sent out by the Department of Revenue were intended to do.

The Oregon Tax Court is affirmed.

---

[5] Article IX, section 1, of the Oregon Constitution provides:

"The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State."